UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x   Case No.: 07 CIV 10383 (RWS)
MARIA WAGNER,

                              Plaintiff,

-against-                                            **ANSWER TO**
                                                              **AMENDED COMPLAINT**

ARMAN SIDDIQUI, M.D., JOHN DOE #1, M.D.,
JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN
DOE #5, JAY R. DRAOUA, M.D. and WESTCHESTER
COUNTY HEALTH CARE CORPORATION,

                              Defendants.
------------------------------------------------------------------x

      Defendants ARMAN SIDDIQUI, M.D., WESTCHESTER COUNTY HEALTH CARE CORPORATION, by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP answering the plaintiff's Amended Complaint, upon information and belief as follows:

### PRELIMINARY STATEMENT

    1.    The allegations contained in the preliminary statement characterize the lawsuit and as such constitute legal conclusions to which the defendants make no answer save to demand strict proof thereof and respectfully refer all questions of law to this Honorable Court, and deny the allegations of fact in the preliminary statement.

### PARTIES

    2.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "1 of the plaintiff's Amended Complaint.

    3.    Admit the allegations in paragraph "2" of the plaintiff's Amended Complaint.

    4.    Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "3" of the plaintiff's Amended Complaint.

1899151.1

5. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "4" of the plaintiff's Amended Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "5" of the plaintiff's Amended Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "6" of the plaintiff's Amended Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "7" of the plaintiff's Amended Complaint.

9. Deny each and every allegation set forth in paragraph "8" of the plaintiff's Amended Complaint, except admit that defendant Jay D. Draoua was an attending physician at Westchester Medical Center.

10. Admit the allegations in paragraph "9" of the plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

11. The allegations contained in paragraphs "10" and "11" of the Amended Complaint purport to invoke the jurisdiction of this Honorable Court and as such are legal conclusions to which the defendants make no answer save to demand strict proof thereof and respectfully refer any questions of law to this Honorable Court.

## RELEVANT STATUTORY CRITERIA

12. The allegations contained in paragraphs "12," "13," "14," "15" and "16" constitute legal conclusions to which the defendants make no answer save to demand strict proof thereof and respectfully refer all questions of law to this Honorable Court, and deny any allegations of fact implicit in the predicate of the allegations of paragraphs "12," "13," "14," "15" and "16" of the plaintiff's amended complaint.

## STATEMENT OF FACTS

13. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "17" of the plaintiff's Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "18" of the plaintiff's Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "19" of the plaintiff's Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "20" of the plaintiff's Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "21" of the plaintiff's Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "22" of the plaintiff's Amended Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "23" of the plaintiff's Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "24" of the plaintiff's Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "25" of the plaintiff's Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "26" of the plaintiff's Amended Complaint.

23. Deny each and every allegation set forth in paragraph "27" of the plaintiff's Amended Complaint.

24. Deny each and every allegation set forth in paragraph "28" of the plaintiff's Amended Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "29" of the plaintiff's Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "30" of the plaintiff's Amended Complaint concerning whether the plaintiff felt angry and frightened and deny that she did not act in any way that could be construed as her posing a danger to herself or others.

27. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "31" of the plaintiff's Amended Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "32" of the plaintiff's Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "33" of the plaintiff's Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "34" of the plaintiff's Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "35" of the plaintiff's Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "36" of the plaintiff's Amended Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "37" of the plaintiff's Amended Complaint.

1899151.1

34. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "38" of the plaintiff's Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "39" of the plaintiff's Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "40" of the plaintiff's Amended Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "41" of the plaintiff's Amended Complaint except admit that she was transported to Westchester Medical Center in a police car.

38. Admit the allegations set forth in paragraph "42" of the plaintiff's amended complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "43" of the plaintiff's Amended Complaint except admit that within 24 hours of her admission the plaintiff was examined by a second physician who determined that hospitalization was warranted pursuant to New York Mental Hygiene Law § 9.39.

40. The allegations contained in paragraph "44" constitute legal conclusions to which the defendants make no answer save to demand strict proof thereof and respectfully refer all questions of law to this Honorable Court, and deny any allegations of fact implicit in the predicate of the allegations of paragraph "44" of the plaintiff's amended complaint.

41. Deny each and every allegation set forth in paragraph "45" of the plaintiff's Amended Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "46" of the plaintiff's Amended Complaint.

43. Deny each and every allegation set forth in paragraph "47" of the plaintiff's Amended Complaint, except admit that Dr. Draoua was one of the physicians who rendered care and treatment to the plaintiff during her admission at Westchester Medical Center.

44. Deny each and every allegation set forth in paragraph "48" of the plaintiff's Amended Complaint.

45. Deny each and every allegation set forth in paragraph "49" of the plaintiff's Amended Complaint.

46. Deny each and every allegation set forth in paragraph "50" of the plaintiff's Amended Complaint, except admit that the plaintiff was discharged on December 14, 2006 and that Dr. Sannidhi signed a discharge instruction form.

47. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "51" of the plaintiff's Amended Complaint as to the conduct of "doctors" in determining whether to admit a person.

48. Deny each and every allegation set forth in paragraph "52" of the plaintiff's Amended Complaint, except admit that a medical chart was created and is maintained by Westchester Medical Center and may be available to plaintiff's treating physicians at Westchester Medical Center.

49. Deny each and every allegation set forth in paragraph "53" of the plaintiff's Amended Complaint, except admit that a medical chart was created and is maintained by Westchester Medical Center.

1899151.1

50. Deny each and every allegation set forth in paragraph "54" of the plaintiff's Amended Complaint, except admit that a medical chart was created and is maintained by Westchester Medical Center.

51. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "55" of the plaintiff's Amended Complaint as to what "physicians" in general consider in determining whether or not to hospitalize a mentally ill individual.

## LEGAL ALLEGATIONS

### First Cause of Action

52. The defendants repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "55" of the plaintiff's Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated "56" of the plaintiff's Amended Complaint.

53. Deny each and every allegation set forth in paragraph "57" of the plaintiff's Amended Complaint.

### Second Cause of Action

54. The defendants repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "57" of the plaintiff's Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated "58" of the plaintiff's Amended Complaint.

55. Deny each and every allegation set forth in paragraph "59" of the plaintiff's Amended Complaint.

1899151.1

### Third Cause of Action

56.     The defendants repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "59" of the plaintiff's Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated "60" of the plaintiff's Amended Complaint.

57.     Deny each and every allegation set forth in paragraph "61" of the plaintiff's Amended Complaint.

### Pendent State Claims

### Fourth Cause of Action

58.     The defendants repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "61" of the plaintiff's Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated "62" of the plaintiff's Amended Complaint.

59.     Deny each and every allegation set forth in paragraph "63" of the plaintiff's Amended Complaint.

### Fifth Cause of Action

60.     The defendants repeat and reiterate each and every admission and denial to the allegations set forth in paragraphs "1" through "63" of the plaintiff's Amended Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated "64" of the plaintiff's Amended Complaint.

61. Deny each and every allegation set forth in paragraph "65" of the plaintiff's Amended Complaint.

### AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:

62. At all times relevant hereto, defendants acted in good faith in discharging their duties in accordance with all applicable statutes, laws, codes, rules, agreements and regulations and pursuant to their statutory authority and as such are entitled to absolute and/or qualified immunity.

### AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:

63. The plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:

64. Any conduct which is alleged by plaintiff is de minimus and insubstantial and, as such, the allegations fail to establish a claim under 42 U.S.C. Section 1983.

### AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:

1899151.1

65. If plaintiff suffered any injuries, such injuries were not the result of a pattern, practice or policy of the answering defendants and were not the result of any action taken by the answering defendants acting under color of state law.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION
IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE
ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:**

66. Plaintiff is not entitled to attorneys' fees because she has not alleged any cognizable constitutional or federal claim.

**AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION
IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE
ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:**

67. The answering defendants acted in good faith and without intent to discriminate.

**AS AND FOR A SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION
IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE
ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:**

68. Punitive damages are not recoverable against the answering defendants in this action.

**AS AND FOR A EIGHTH, SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION
IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE
ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:**

69. If plaintiff suffered any injuries it was not the result of any action or inaction on the part of the answering defendants.

1899151.1

**AS AND FOR A NINTH, SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION
IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE
<u>ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:</u>**

70. Defendants are entitled to qualified immunity.

**AS AND FOR A TENTH, SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION
IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE
<u>ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:</u>**

71. The answering defendants' actions were privileged under Article 9 of the New York Mental Hygiene Law.

**AS AND FOR A TENTH, SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE TO EACH AND EVERY CAUSE OR CAUSES OF ACTION
IN THE AMENDED COMPLAINT OF THE PLAINTIFF, THE
<u>ANSWERING DEFENDANTS HEREIN RESPECTFULLY ALLEGE:</u>**

72. The plaintiff's pendent state law claims must be dismissed for failure to file a notice of claim in compliance with the General Municipal Law and the New York Public Authorities Law.

**WHEREFORE**, the defendants' demand judgment against the plaintiff dismissing the Amended Complaint herein, together with costs and disbursements of this action.

Dated: White Plains, New York
　　　　February 29, 2008

　　　　　　　　　　　　　　　Yours, etc.,

　　　　　　　　　　　　　　　WILSON, ELSER, MOSKOWITZ,
　　　　　　　　　　　　　　　EDELMAN & DICKER LLP

　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　Joanna M. Topping (JT 4526)
　　　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　　　WESTCHESTER COUNTY HEALTH CARE
　　　　　　　　　　　　　　　　　CORPORATION and ARMAN SIDDIQUI, M.D.
　　　　　　　　　　　　　　　　　3 Gannett Drive

1899151.1

White Plains, New York 10604
Tel. No.: (914) 323-7000
Fax. No.: (914) 323-7001
File No.: 00777.00464

TO:

William M. Brooks
Mental Disability Law
Touro College
Jacob D. Fuchberg Law Center
225 Eastview Drive
Central Islip, New York 11722

1899151.1

- 14 -

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK           )
                            ) SS.:
COUNTY OF WESTCHESTER       )

I, Geri Manno, being sworn, say:

I am not a party to the action, am over the age of 18 years of age and reside in Yonkers, New York.

On February 29, 2008, I served the within ANSWER TO AMENDED COMPLAINT by depositing a true copy thereof enclosed in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

TO:
William M. Brooks
Mental Disability Law
Touro College
Jacob D. Fuchberg Law Center
225 Eastview Drive
Central Islip, New York 11722

_____
Geri Manno

Sworn to before me this
29th day of February, 2008

_____
Notary Public

GREGG BUCCI
Notary Public, State of New York
No. 4997969
Qualified in Westchester County
Commission Expires June 15, 2010

- 14 -

1899151.1