USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

MARIA WAGNER,

                      Plaintiff,         07 Civ. 10383 (RWS)

   -against-                             OPINION

CHARLES KANDALAFT, M.D., and JAY D.
DRAOUA, M.D.,

                    Defendants.

----------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    MENTAL DISABILITY LAW CLINIC,
      TOURO COLLEGE JACOB D. FUCHSBERG
      LAW CENTER
    225 Eastview Drive
    Central Islip, NY  11722
    By:  William M. Brooks, Esq.
         Michelle K. Caldera, Esq.


    Attorneys for Defendant
    Jay D. Draoua, M.D.

    MARTIN CLEARWATER & BELL LLP
    220 East 42nd Street, 13th Floor
    New York, NY 10017
    By:  Gregory John Radomisli, Esq.
         Jeanette Antico, Esq.

**Sweet, D.J.,**

On June 18, 2009, defendant Jay D. Draoua, M.D. ("Draoua" or the "Defendant") submitted a letter to the Court seeking a ruling permitting Defendant to obtain deposition testimony from plaintiff Maria Wagner ("Wagner" or the "Plaintiff").

Plaintiff's Second Amended Complaint alleges, inter alia, that Drauoua improperly authorized Wagner's involuntary confinement at a hospital for psychiatric treatment in violation of the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

At Wagner's deposition on June 16, 2009, Defendant sought testimony from Plaintiff concerning her conversations with the Mental Hygiene Legal Service ("MHLS"). Specifically, Defendant sought the following: 1) testimony on any conversations with MHLS concerning the steps that MHLS may have taken to have Wagner released from the hospital; 2) testimony on any instructions that MHLS gave to her to facilitate her release; and 3) testimony with regard to any information MHLS may have relayed to Wagner concerning a hearing. Plaintiff's attorney objected to any questions involving MHLS on the basis

1

of the attorney-client privilege.

     Pursuant to Article 47 of the New York Mental Hygiene Law, the Mental Hygiene Legal Service provides legal representation to all persons admitted to psychiatric facilities. N.Y. Mental Hyg. Law § 47.01 (McKinney 2007) ("There shall be a mental hygiene legal service of the state in each judicial department. The service shall provide legal assistance to patients or residents of a facility [under this Chapter] . . . and to persons alleged to be in need of care and treatment in such facilities or places . . . ."). Defendant argues that because MHLS is designed to assist mentally ill patients with their release from a hospital and the core of Wagner's claim is that Defendant allegedly failed to follow appropriate procedures with regard to Plaintiff's release, it is essential that he be able to elicit testimony concerning Plaintiff's conversations with MHLS. <u>See, e.g.</u>, N.Y. Mental Hyg. Law § 9.39(a)(2).

     Defendant does not, however, provide any rebuttal to Plaintiff's claim that an attorney-client relationship was established between Plaintiff and MHLS, and that accordingly, communications between Wagner and MHLS are privileged. The

Court not being aware of any exception that would require Plaintiff to waive her privilege in these circumstances, Defendant's request is denied.

It is so ordered.

New York, NY
July 15, 2009

ROBERT W. SWEET
U.S.D.J.